## Bass v. Smith et al.

PRACTICE.—*Withdrawal of Appearance.—Judgment by Default.—Affidavit to Set Aside Default.*—Where a defendant, who has appeared and been ruled to answer, withdraws his appearance, and judgment is rendered against him by default, an affidavit by him to set aside the default should explain such withdrawal of appearance, etc.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Evans*, for appellant.

*R. B. F. Pierce*, for appellees.

BIDDLE, C. J.—Complaint by the appellees, on a promissory note made by the appellant and three others, his sureties.

All were summoned, and the sureties defaulted. Bass

appeared and was ruled to answer. On the third day of the term, we find the following entry of record:

" Come again the said plaintiffs, by R. B. F. Pierce, their attorney, and also comes the said defendant, Bass, by his attorneys, Wright and Seller, and withdraws his appearance to this action."

Bass was then defaulted, and judgment rendered by default against all the parties defendants. Three weeks afterward, Bass filed his affidavit to set aside the default. The court refused the motion, and Bass excepted.

If the affidavit was in other respects sufficient, which is by no means the case, the fact that it does not explain the previous appearance of Bass, his submission to a rule to answer, and the subsequent withdrawal of his appearance by his attorneys, Wright and Seller, nor even mention or allude to the previous record, renders the affidavit fatally defective. The record must prevail against the affidavit.

The motion to set aside the default was properly overruled.

The judgment is affirmed, at the costs of the appellant, with three per cent. damages.